**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

v.                                                    Case No:  8:11-CR-115-T-30MAP

TODD S. FARHA, et al.,

    Defendants.
_____/

# ORDER

**THIS CAUSE** came on for consideration upon Defendants' Joint Motion to Dismiss
Indictment for Failure to State an Offense and Violation of Fifth Amendment Void for
Vagueness Doctrine (Dkt. #199) and the Government's Response (Dkt. #239).  The
Defendants argue that the Indictment fails to allege illegal conduct and is so vague that it
should be declared void.  The Government contends that the Defendants misconstrue the
charged conduct as a civil disagreement and that the conduct alleged to be criminal is the
knowing and intentional submission of false statements to a government agency.  Upon
review, the Court concludes that the Motion should be denied.

    Defendants characterize the charges against them as a disagreement over the proper
way to calculate expenditure information on worksheets to Florida's Agency for Health Care
Administration (ACHA).  Defendants' contention that the Indictment fails to allege illegal
conduct can be summarized in their statement:

> The Wellcare HMOs' "expenditure information" is consistent with a
> reasonable interpretation of both the defining Florida statutory refund
> provision and the Medicaid contract.

Defendants' Motion (Dkt. #199), p. 4. This contention may well serve as a defense to the Government's charges, but it is not a ground for dismissing the Indictment. Defendants are charged with making affirmative misrepresentations to a government agency. If the Government is unable to show in its case in chief a *prima facie* case of false statements, at that point the Indictment will be dismissed. If the case survives dismissal, it is for the jury to decide whether the expenditure information was consistent with a reasonable interpretation of the refund provisions.

Part of the Defendants' argument deals with whether the rules and regulations were "non-promulgated," that is, without the force of law. The rules are not required to be promulgated. *United States v. Bradley*, 644 F. 3d 1213 (11th Cir. 2011). The charge in this case is whether Defendants made false statements. There is no ambiguity in the statutes with which they are charged, 18 U.S.C. §§ 371, 1035, and 1347. The Indictment identifies the statements that the Government charges as false. Whether the statements were false and whether they were intentionally made are the issues for trial.

It is therefore ORDERED AND ADJUDGED that Defendants' Joint Motion to Dismiss Indictment for Failure to State an Offense and Violation of Fifth Amendment Void for Vagueness Doctrine (Dkt. #199) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on September 13, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished to**:
Counsel/Parties of Record

F:\Docs\2011\11-cr-115.mtd 199.wpd