# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No: 8:11-CR-115-T-30MAP

TODD S. FARHA, et al.,

    Defendants.
_____/

# **ORDER**

**THIS CAUSE** came on for consideration upon Defendants' Motion to Dismiss Counts 1-9 of the Indictment (Dkt. #198), the Government's Response (Dkt. #238), and Defendants' Reply (Dkt. #247). After review of the briefs and case law, the Court concludes that the Motion should be denied.

Defendants argue that Counts One through Nine should be dismissed because all relate to a state law that is inconsistent with federal law and is therefore invalid. Counts One through Nine relate to a 2002 amendment to Florida Statute § 409.912 which requires Florida Medicaid HMOs to expend 80% of their capitation payments for the provision of behavioral health services or return the difference (the "80% Amendment") to the Florida Agency for Health Care Administration ("AHCA"). Defendants contend the 80% Amendment is preempted because it conflicts with federal law and is therefore invalid. And since the 80% Amendment is invalid, the allegations contained in Counts One through Nine cannot form the basis for criminal charges.

Defendants contend that the 80% Amendment conflicts with federal Medicaid law in two separate ways:

> First, it allows AHCA to dictate a claw back of earned capitation funds. Those capitation payments had been based on actuarially sound rates. The resulting capitation payment after the claw back was never assessed for actuarial soundness or certified by the State's actuary. This violates the federal mandate that the capitation payments be actuarially sound and based on actuarially sound rates that had been certified by a qualified actuary.
>
> Second, the 80% Amendment as alleged in the Indictment segregates the single capitation payment into two discrete segments: physical health and behavioral health. The 80% Amendment then dictates that behavioral health capitation funds may not be used to cover the HMOs' aggregate medical service costs. Then, as to the behavioral health portion of the capitation payment, the 80% Amendment dictates that 80% must be spent in a specific manner and that it is not available to cover the HMOs aggregate costs of managing care. This violates the federal mandate that a capitation payment can be used for any purpose.

Defendants' Motion (Dkt. #198), p. 20.

The Government contends that it does not matter whether the underlying state statute is valid. The Defendants are not charged with violating the 80% Amendment. They are charged with making false statements to the Government in violation of 18 U.S.C. § 371. The Supreme Court has previously held that where an underlying state statute is invalid, it is no defense to a charge of lying to the Government. In *Bryson v. United States*, Bryson filed a false affidavit stating he was not a member of a Communist party pursuant to a statute requiring non-Communist affidavits from certain individuals. That state statute was later found to be unconstitutional. In holding the invalidity of the underlying state statute did not affect the conviction for filing a false statement with the government, the Supreme Court said:

> Notwithstanding the fact that the Government has proved the elements necessary for a conviction under s 1001, the petitioner would have us say that the invalidity of s 9(h) would provide a defense to his conviction. But after *Dennis* it cannot be thought that as a general principle of our law a citizen has

> a privilege to answer fraudulently a question that the Government should not have asked. Our legal system provides methods for challenging the Government's right to ask questions -- lying is not one of them. A citizen may decline to answer the question, or answer it honestly, but he cannot with impunity knowingly and willfully answer with a falsehood.

*Bryson v. United States*, 396 U.S. 64, 72 (1969).

Defendants' reliance on *Florida v. Harden*, 938 So. 2d 480 (Fla. 2006) is misplaced. In *Harden*, the defendant was prosecuted for acts that were permissible under the federal Medicaid statutes, but prohibited by the state statute in question. The court found that constituted an implied conflict and the state statute was therefore preempted. It held that Harden could not be convicted under the preempted state statute. Here, though, the Defendants are not being prosecuted under the state statute they claim is invalid. They are being prosecuted for making knowing false statements to a governmental agency.

It is therefore ORDERED AND ADJUDGED that Defendants' Motion to Dismiss Counts 1-9 of the Indictment (Dkt. #198) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on September 19, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished to**:
Counsel/Parties of Record

F:\Docs\2011\11-cr-115.mtd 198.wpd