UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   Case No: 8:11-CR-115-T-30MAP

TODD S. FARHA, et al.,

    Defendants.
_____/

# ORDER

**THIS CAUSE** came on for consideration upon Defendants' Motion to Dismiss Counts 1(a), 1(b)(ii), and 6-9 of the Indictment (Dkt. #204), and the Government's Response (Dkt. #246). Defendants contend that Counts 1(a), 1(b)(ii), and 6-9 of the Indictment do not state a criminal offense because the conduct charged as wrongful is actually lawful conduct under the terms of the applicable law and Wellcare's contract with Florida's Agency for Health Care Administration ("AHCA").

Defendants are former executives of Wellcare Health Plans, Inc., the parent corporation of two health maintenance organizations ("HMOs"). The Wellcare HMOs entered into contracts with AHCA to manage and pay for behavioral health care services for Florida Medicaid recipients. AHCA paid a per person capitation premium to the Wellcare HMOs for this service. The Wellcare HMOs were required to expend 80% of the behavioral health premiums they received "for the provision of behavioral health care services." If an HMO does not do so, it must return the difference to AHCA.

The Wellcare HMOs formed a subsidiary called Harmony Behavioral Health, Inc. ("Harmony") to provide the behavioral health care services. Wellcare paid to Harmony a

portion of the premiums received from AHCA. Harmony in turn entered into contracts with subcontractors to provide the behavioral health care services.

Defendants argue that this system of contracting with subcontractors to provide the behavioral health care services was an accepted practice in the industry. As such, it was not illegal regardless of the amount paid to the subcontractors for the services, even where the subcontractor, like Harmony, is an affiliated entity.

The Government argues, to the contrary, that Defendants used Harmony to conceal the true costs associated with providing behavioral health care services and fraudulently increased the expenditures reported to AHCA.

The respective arguments may be best explained by an example. For the sake of making the math simple, the Court will assume a monthly capitation payment of $10 per month per member.

> **Year One:** An HMO receives $10 per member for behavioral health care services. It subcontracts with a behavioral health care provider for $4 per patient. At the end of the contract period, the resulting math would be that the HMO expended $4, is entitled to keep 20%, or $2, and must return $4 to AHCA.
>
> **Year Two:** The HMO receives $10 per member and decides that it can perform the same services for the same price as the outside subcontractor. It forms a subsidiary corporation to provide the behavioral health care services and pays it $4. At the end of the year, it must return $4 to AHCA.
>
> **Year Three:** The parent HMO decides to voluntarily pay its subsidiary $8 per member for the behavioral health care services. The subsidiary expends $4 per member to provide services (or subcontracts the services for $4). According to the defense theory, the parent HMO keeps its $2, and reports an expenditure of $8. Nothing is returned to AHCA.

Defendants argue several different legal theories to support their contention that the conduct in year 3 of the example is not criminal as a matter of law. The main argument is the only requirement is to "expend" 80% of the money it receives for behavioral health care services. Another argument is that it is lawful to "retain" money even where it may be unlawful to "obtain" it under similar circumstances. The Government disagrees and takes the position that a behavioral health care provider cannot falsify its expenditures in its reports to AHCA about how much was legitimately expended for the services.

The Government has the burden to prove that the statements made were knowingly and intentionally false for the purpose of defrauding the United States Government. The Government has sufficiently alleged the charges in the Indictment. It is a question of fact, not law, whether the information reported to AHCA was knowingly false.

It is therefore ORDERED AND ADJUDGED that Defendants' Motion to Dismiss Counts 1(a), 1(b)(ii), and 6-9 of the Indictment (Dkt. #204) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on September 21, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished to**:
Counsel/Parties of Record

F:\Docs\2011\11-cr-115.mtd 204.wpd