# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No: 8:11-CR-115-T-30MAP

TODD S. FARHA, et al.,

    Defendants.
_____/

# ORDER

**THIS CAUSE** came on for consideration upon Defendants' Joint Motion to (1) Dismiss Indictment as Multiplicitous and (2) Dismiss Counts Two Through Five Because They Fail to Allege a Criminal Offense (Dkt. #196) and the Government's Response (Dkt. #218). Defendants contend Counts Two through Five of the Indictment fail to specifically allege how the described statements were false, and that Counts Six through Nine inappropriately charge a separate crime for the same conduct.

Considering the Indictment as a whole, the Indictment adequately describes the false statements charged in Counts Two through Five. While not specifically incorporated by reference, the Indictment describes the purpose of the submission of the statements claimed to be false, how they are claimed to be false, and the specific statements charged.

Counts Six through Nine are more troublesome. The parties agree that under the *Blockburger*[1] test, the crimes charged are different crimes if one contains an element not contained in the other. And the parties agree that Counts Six through Nine charging health care fraud involve a separate element, a scheme to defraud is required in the health care fraud

---

[1] *Blockburger v. United States*, 284 U.S. 299 (1932).

counts. But Defendants point to *United States v. Ogba*, 526 F. 3d 214 (5th Cir. 2008) for the proposition that if a health care fraud conviction is based entirely on proof of the same false statement offenses, then the Indictment overcharges by charging multiple offenses from the same conduct.

The Government counters that the jury could find the statements charged as false in Counts Six through Nine as true, but still find the Defendants guilty of the health care fraud because of the other acts taken to further the health care fraud scheme. These other acts are described in the manner and means portion of the Indictment which is included by reference into Counts Six through Nine. While it may have been preferable for the Government to say this explicitly in its Execution of the Scheme portion of the Indictment under Counts Six through Nine, the Court concludes that the Indictment adequately describes the scheme and the acts taken to further the scheme.

And the Court deems the motion premature. It must hear the facts presented at trial. *United States v. Torkington*, 812 F. 2d 1347 (11th Cir. 1987). Its view of this matter may change at the conclusion of the Government's case after hearing the evidence.

It is therefore ORDERED AND ADJUDGED that Defendants' Joint Motion to (1) Dismiss Indictment as Multiplicitous and (2) Dismiss Counts Two Through Five Because They Fail to Allege a Criminal Offense (Dkt. #196) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on September 28, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished to**:
Counsel/Parties of Record

F:\Docs\2011\11-cr-115.mtd 196.wpd