## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                          Case No:  8:11-CR-115-T-30MAP

TODD S. FARHA, et al.,

　　　Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon the United States' Motion to Exclude Proposed Expert Testimony of Attorney Carl Liggio (Dkt. #325) and Defendant Thaddeus Bereday's Response in Opposition (Dkt. #350).  The Court having reviewed the arguments of the parties and being advised in the premises, concludes that the Government's motion should be denied in part and granted in part.

The Government summarizes the expected testimony from Defendant Bereday's proffer letter as follows:

(1)　　An overview of the duties the ethics rules impose on general counsel and the role of general counsel in a corporation.

(2)　　The role of general counsel in achieving legally-permissible client interests through all legally-permissible methods.

(3)　　The role of general counsel to interpret contracts, rules or regulations containing terms susceptible of differing interpretations in a manner that advances their client's legally-permissible interests.  Mr. Bereday had no obligation to inform AHCA of how WellCare interpreted the 80/20 statute and related contracts, rules and regulations.

(4)     It was incumbent upon defendant Bereday, who was not an expert in health care law, to seek advice from subject matter experts, and he took appropriate steps to engage independent subject matter experts and counsel to assist him in formulating legal strategy.

(5)     A lawyer like defendant Bereday must be free to exercise his judgment to give legal advice unfettered by fear of criminal prosecution.

(6)     Defendant Bereday built a respectable legal department of WellCare by hiring well-qualified individuals.  This speaks highly of Bereday's efforts as general counsel and that he was serious about building an excellent legal department.

(7)     WellCare was entitled to rely upon defendant Bereday's legal advice regarding the 80/20 law and related matters, and defendant Bereday was entitled to rely upon the expertise of others within WellCare.

Defendant Bereday counters that the charges against him arise from his role as general counsel and that he should be allowed to explain that role to the jury.

The Court agrees with Defendant Bereday that he should be allowed to explain to the jury, in general, his role and responsibilities as general counsel.  It is when the expert's testimony approaches the specifics of this case that it becomes problematic.  For example, if Defendant Bereday intends to put forward the defense of reliance on advice of counsel, he must first lay the proper predicate.

With that in mind, the Court denies the Government's motion as to the following categories listed above: (1), (2), (3), and (5).   The Court denies the Government's motion as to (4) insofar as it relates to the general responsibilities of a general counsel.  But, referring specifically to paragraph (4) of Defendant Bereday's proffer letter, the following item shall not be offered into evidence without counsel first obtaining permission from the Court; "Applied to this case, when confronted with the 80% Amendment and its reporting obligations, Mr. Bereday took the appropriate steps to engage independent subject matter

experts and counsel both within as well as outside the company to assist him in formulating a legal strategy and obtained such advice as was necessary to advance the legitimate objectives of his client."

The items mentioned in subparagraphs (6) and (7) above shall not be offered into evidence by Defendant Bereday without first obtaining permission from the Court.

It is therefore ORDERED AND ADJUDGED that:

1.      The United States' Motion to Exclude Proposed Expert Testimony of Attorney Carl Liggio (Dkt. #325) is denied in part and granted in part as stated herein.

**DONE** and **ORDERED** in Tampa, Florida on December 17, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies Furnished to**</u>:
Counsel/Parties of Record

F:\Docs\2011\11-cr-115.motion to exclude 325.wpd