UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.    Case No: 8:11-CR-115-T-30MAP

TODD S. FARHA, et al.,

    Defendants.
_____/

# **ORDER**

THIS CAUSE is before the Court upon the Government's Motions in Limine (Dkts. #295, 300, 301), and Defendants' Consolidated Response (Dkt. #358). Upon review, the Court concludes that the Government's motions should be granted in part.

At the outset, the Court notes the parties differ as to what contentions the Government will make in its case in chief. For example, Defendants claim:

> The Government argues that AHCA had "non-promulgated" policies forbidding the HMOs from counting subcapitation payments, and expenditures for services not provided in a CMHC, from the 80% calculation.

Defendants' response (Dkt. #358), p. 2. The Government, on the other hand, argues that this case is not driven by which policies were "promulgated," but rather whether the expense information submitted by Defendants was "bogus." *See* Government Motion (Dkt. #301), p. 8. The Court's understanding is that the Government is charging the Defendants with certifying certain expenses as being correct when in fact they knew they were false. Of course, the Court's understanding of the Government's case will be clearer once it hears the

evidence. The rulings made in this Order are therefore contingent upon the evidence actually presented by the Government.

Taking the issues in the order in which they are addressed in the Defendants' consolidated response, the Court rules as follows:

**I.  A.  The Government's motion seeking to exclude internal AHCA documents (Dkt. #301).**

Prior to the Defendants' submissions of certified expenses at issue in this case, various persons within AHCA debated whether certain provisions in the 80/20 provision might be ambiguous. The documents specifically focused on the terms "expended for" and "provision of." The Government argues that these terms were clarified by AHCA prior to the submissions from the Defendants.

Regardless, it appears irrelevant what the internal debate was within AHCA. What is relevant is what information was given to the Defendants for preparing the certified statements of expense. The issue is whether those statements were knowingly false. Therefore, the Government's motion in limine is GRANTED as to the internal AHCA documents.

**B.  The Government's motion seeking to exclude AHCA's erroneous premium figures (Dkt. #301).**

Defendants claim that the premiums calculated by AHCA were erroneous. They further contend that these erroneous premium calculations are relevant because the "HMOs calculated their ALRs [actual loss ratio] by comparing their expenses with the premium from AHCA." (Dkt. #358, p. 4). But the Government is not contending that the loss ratios were false because of erroneous premium calculations. The Government charges the Defendants

with submitting false expense numbers. In other words, it does not matter what the premium number was - - it could have been erroneously high or erroneously low. The Defendants are only charged with submitting false expense numbers. Therefore, the Government's motion is GRANTED.

**II.     The Government's motion to exclude evidence of 80% calculations by others in the industry and known to Defendants (Dkt. #300).**

The Government argues that AHCA's contracts with Prepaid Mental Health Plans (PMHP) are irrelevant to the issues in this case. The Government asserts the PMHP contracts differ from the HMO contracts, like the ones at issue in this case, because the PMHP contracts "lack the contractual language and template instructions charged in Defendants' Indictment under which Defendants submitted the false and fraudulent expenditure reports at the heart of their charged crimes." (Dkt. #300, pp. 1-2). Also, the Government contends that the Defendants were unaware of how AHCA's interpretation of the PMHP contract submissions and therefore those submissions could not have influenced the reasonableness of the Defendants' decisions.

The Defendants argue that the contracts are relevant because the PMHP contracts show how affiliated-entity payments were to be treated under the HMO contracts. And Defendants argue that it was well known by Defendants and others in the industry how the PMHP contracts were handled.

Again, it is the Court's understanding that the Government is not contending the HMOs could not make affiliated-entity payments. The issue is the amount claimed as a proper expense for those payments. The Court therefore RESERVES RULING on this issue

until the Government's proof is presented and Defendants have shown sufficient similarity in the contract terms and their knowledge of AHCA's handling of PMHP contracts. The Government's motion is GRANTED to the limited extent that Defendants are not to address these issues in opening.

**III. The Government's motion to exclude evidence and arguments supporting Defendants' legal theories (Dkt. #295).**

In Dkt. #295, the Government seeks to exclude:

1. any evidence or argument that AHCA instructions, guidelines and worksheets were invalid because they were not properly promulgated as a rule under the Florida Administrative Procedures Act;

2. any interpretation of the Florida "80/20 law" to support an argument that AHCA's policies were unlawful because they contravene or modify the Florida Statute;

3. any evidence or argument that AHCA's instructions were invalid because certain actions of its personnel, including Bob Sharpe, were *ultra vires*; and

4. any evidence or argument that the Florida Medicaid Law and policies are preempted by federal law.

The Government contends the legal issues listed above are irrelevant to the factual issue of whether Defendants knowingly submitted false expense statements. The Defendants argue to the contrary - - these legal theories go "directly to whether 'clear' policies existed, and what Defendants reasonably believed them to be. A reasonable person would not assume an agency has adopted policies that are contrary to law." (Dkt. #358, p. 6).

In their more specific argument, Defendants contend, once again, that the dispute in this case is whether any "statute, contract, or valid rule prohibited Defendants from including subcapitation payments to an affiliated BHO, or expenditures for services outside CMHC's, in their 80% calculations." (Dkt. #358, p. 13). The Court reiterates its understanding that the Government is not contending that the policies prohibit subcapitation payments to an affiliated BHO. The Government contends the expenditure numbers, certified by Defendants to be true and correct, were knowingly false. With that understanding, the legal arguments proposed by Defendants appear to be irrelevant. The Court RESERVES RULING, however, until it has heard the Government's case in chief. The Government's motion is GRANTED to the extent that Defendants are prohibited from making these arguments in opening and until the Court rules otherwise.

It is therefore ORDERED AND ADJUDGED that the Government's Motions in Limine to exclude certain evidence (Dkts. #295, 300, 301) are GRANTED in part as stated above.

**DONE** and **ORDERED** in Tampa, Florida on December 28, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished to**:
Counsel/Parties of Record

F:\Docs\2011\11-cr-115.limine 295 300 301.wpd