# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   Case No: 8:11-CR-115-T-30MAP

TODD S. FARHA, et al.,

    Defendants.
_____/

# ORDER

THIS CAUSE is before the Court upon the Defendants' Motion in Limine to Exclude and for Pretrial Determination of the Admissibility of Audio Recorded Statements (Dkt. #298), the Government's Response (Dkt. #366), Defendants' Reply (Dkt. #391), and the Government's Surreply (Dkt. #398). Upon consideration, the Court concludes that the motion should be denied without prejudice.

The Defendants are not contesting the accuracy of the recorded statements or the prepared transcripts. Rather, Defendants contend that the statements are inadmissible hearsay.

The primary dispute concerns the recorded conversations between co-conspirator Greg West and whistleblower Sean Hellein. The admissibility of these statements may depend upon the role in which Greg West viewed Sean Hellein, and the intent behind the making of the statements. The Government has the burden of establishing the appropriate foundation prior to the statements becoming admissible. The parties have adequately explained their

differing positions as to whether Sean Hellein was seen, or even could have been seen, as a co-conspirator. Defendants argue that Sean Hellein had nothing to do with the 80/20 expenditure submissions to AHCA. The Government contends that it will establish, through the testimony of Greg West, that at the time the statements were made, Greg West was operating under instructions from Hellein's boss to bring Hellein up to speed concerning the 80/20 issues and that the calculations, whether true or false, would become apparent. Therefore, West thought it necessary to bring Hellein within the conspiracy and request that it be kept quiet. For the Court to resolve this dispute, it will have to hear the testimony of Greg West.

For that reason, the Court declines to rule on the admissibility of the statements at this time. The Government is instructed not to comment on the specifics of any conversation during its opening statement. After the Government has established a foundation through the appropriate testimony, the Court will rule on the admissibility of the statements.

It is therefore ORDERED AND ADJUDGED that Defendants' Motion in Limine to Exclude and for Pretrial Determination of the Admissibility of Audio Recorded Statements (Dkt. #298) is DENIED without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on January 24, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished to**:
Counsel/Parties of Record

F:\Docs\2011\11-cr-115 limine 298 audio stmts.wpd