IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No.: 8:11-cr-00115-JSM-MAP |
| ) | |
| TODD S. FARHA, ET AL. ) | |
| ) | |

### Motion to Continue in the Interests of Justice

Pursuant to Federal Rules of Criminal Procedure 2 and 12, in the interests of justice, Thaddeus Bereday respectfully moves to continue this proceeding pending the resolution of the appeal filed by his co-defendants. In support of this motion, Mr. Bereday states:

### Memorandum

The Court is well familiar with the facts, which will not be rehashed here. Mr. Bereday's co-defendants have appealed their convictions on many of the same facts expected to be presented here, and those appeals raise some of the same issues that are dispositive in Mr. Bereday's trial. Among other things, for example, Mr. Bereday believes the law prohibits the government's introduction of the highly prejudicial evidence of wealth, WellCare's restatement, and certain burden-shifting instructions to the jury (e.g., deliberate indifference). Those are significant evidentiary issues affecting the trial of this case. It would be prudent to have a ruling from the Court of Appeals on these issues before expending effort and expense on a second trial.

In addition, Mr. Bereday's co-defendants have asked the Court of Appeals to reverse Defendants' convictions for healthcare fraud and false statements for the government's failure to establish that the submissions of expenditure information on which those convictions are based were false under any reasonable interpretation of the law, as required under *U.S. v. Whiteside*,

1

285 F.3d 1345 (11th Cir. 2002).  *See* Brief for Defendant-Appellant Paul L. Behrens, filed September 19, 2014, at 5.  This legal issue goes to the core of the government's proof against Mr. Bereday.

Whether to grant this relief is well within the Court's discretion.  In guiding that discretion, Mr. Bereday asks the Court to consider one final critical issue, given these unique circumstances.  Mr. Bereday is half way through his convalescence from a very lethal cancer.  During this convalescence, Mr. Bereday continues to have a significant risk of relapse.  This case can be tried anytime and can await the outcome of an appeal that may render this trial unnecessary.  Mr. Bereday respectfully requests, under these legal circumstances and with this medical condition, that he not be subject to the stress of a trial at this time.  Whatever the outcome of the other defendants' appeals, every passing month without relapse brings a brighter prognosis.  The requested continuance serves the interests of justice in every conceivable respect.

WHEREFORE, Mr. Bereday respectfully asks this Court to exercise its discretion pursuant to 18 U.S.C. § 3161 in the interests of justice such that, if the continuance is granted, Mr. Bereday requests that continuance period be excluded for speedy trial computation purposes.  The government opposes the relief sought.

September 25, 2014

Respectfully Submitted,

/s/ Sandy Weinberg_____
Morris (Sandy) Weinberg, Jr.
FBN: 0486401
sweinberg@zuckerman.com
Jack E. Fernandez
FBN: 843751
jfernandez@zuckerman.com
D. Lee Fugate
FBN: 170928
lfugate@zuckerman.com

4634712.1

        Marcos E. Hasbun
        FBN: 0145270
        mhasbun@zuckerman.com
        ZUCKERMAN SPAEDER LLP
        101 E. Kennedy Blvd., Suite 1200
        Tampa, Florida 33602
        813-221-1010
        813-223-7961 (Fax)
        *Attorneys for Thaddeus Bereday*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 25 day of September, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system, which will serve a notice of electronic filing to the following:

Jay Trezevant, Esq. and John Michelich, Esq.
*Attorneys for the Government*

        /s/ Sandy Weinberg