IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No.: 8:11-cr-00115-JSM-MAP |
| ) | |
| TODD S. FARHA, ET AL. ) | |
| ) | |

### DEFENDANT THADDEUS BEREDAY'S MOTION *IN LIMINE*

Defendant Thaddeus Bereday ("Bereday") moves *in limine* to admit the following statements at trial pursuant to Fed. R. Evid. 801(d)(2)(B), and for an order prohibiting the government from making any argument at trial that contradicts the substance of these statements:

- "The United States . . . certainly does not intend to argue that defendants were required to report only 'direct payments to behavioral health care providers,' as such an interpretation would be contrary to the clear language requiring them to report money 'paid directly or indirectly to behavioral healthcare providers for the provision of those required behavioral health care services.'" (Dkt. 356 at 4, n. 2; Dkt. 409 at 4, n. 3)

- ". . . . [T]he government did not (and does not) challenge the propriety of counting subcapitation payments to Harmony for 80/20 purposes. Indeed, the government has maintained throughout this case that, to the extent the subcapitation payments to Harmony were expended to providers for qualifying CMH/TCM services, the payments could be counted." (Dkt. 772 at 31 n. 24)

- "[T]he defendants *could* have taken this approach by openly and honestly reporting to AHCA the actual amount of the subcapitated expense paid to Harmony." (Dkt. 325 at 14) (emphasis in original)

### MEMORANDUM OF LAW

#### I. Factual Background

Bereday was WellCare's General Counsel. The government has acknowledged that the legal interpretation of the 80/20 Statute and the Medicaid Contracts is relevant if the defense's intention is to "show that [defendants] actually followed an alternative interpretation of the rules

4631790.1

in good faith." (Dkt. 325 at 13)  This has always been Bereday's contention, and he has never deviated from it.  (Dkt. 350 at 3)

The plain language of the 80/20 Statute and the Medicaid Contracts provided that qualifying 80/20 expenditures were not limited to only amounts paid directly to behavioral healthcare providers, but rather could include indirect payments as well.  Both the 80/20 Statute and the Medicaid contracts expressly permitted direct or indirect payments as allowable expenses.  It was thus objectively reasonable for the WellCare HMOs to calculate their 80/20 expenditures using the subcapitation payments made to Harmony (or to any other Behavioral Health Organization ("BHO") for that matter) for the provision of behavioral health services.[1]

Frank Rainer and Gary Clarke, both of whom advised WellCare on the 80/20 issue, confirmed at trial the objective reasonableness of this interpretation.  *See* Composite Exh. A, Trial Tr., Vol. 48 at 43:24-44:2; 59:9-24; 74:25-76:19; 99:21-100:17; Composite Exh. B, Trial Tr., Vol. 51 at 56:7-57:4; 99:15-19; 105:23-113:21; and Composite Exh. C, Trial. Tr., Vol. 52 at 11:4-20:12; 22:14-22.  So did attorney George N. Meros, Jr.  *See* Dkt. 808-6 at ¶¶ 10-12.  And, more recently, so did the government in a post-trial concession that its expert witness erroneously excluded expenditures paid to CompCare, which was one of the WellCare HMOs' contracted-BHOs prior to Harmony, when calculating the alleged payback due to AHCA.  *See* Dkt. 819 at 27.

Given Bereday's role as WellCare's General Counsel, the government's case against him rests, in large part, on whether using the subcapitation payments to Harmony was an objectively reasonable interpretation of the 80/20 Statute and the Medicaid Contracts.  To avoid jury

---

[1]    Harmony was an affiliate of the WellCare HMOs.  The amount of the subcapitation paid by the WellCare HMOs to Harmony is not at issue, as the government has made clear that this "case does not concern whether WellCare overpaid Harmony." (Dkt. 348 at 20)

confusion and prevent prejudice to Bereday's defense at trial, the Statements should be admitted under Rule 801(d)(2)(B) to ensure the jury understands that the government is <u>not contending</u> it was improper to use the subcapitation payments to a BHO as the HMOs' expenditures for 80/20 purposes, and the Court should further order that the government be prohibited at trial from making any argument contradicting this proposition.

**II.      The Statements Should Be Admitted Under Rule 801(d)(2)(B) because the Government is the Party-Opponent in this Case and It Believed the Statements to be True.**

A statement offered against a party-opponent is not hearsay under Rule 801(d)(2)(B) if the statement "is one the party manifested that it adopted or believed to be true." For a statement to be admitted, the Court must be satisfied that the government is a party-opponent and that the government believes the statement to be true.

There is no doubt that the government in a criminal case is an opposing party for purposes of Rule 801(d)(2)(B). *See, e.g., United States v. Morgan*, 581 F.2d 933, 937 n. 10, 938 (D.C. Cir. 1978) ("[T]he Federal Rules clearly contemplate that the federal government is a party-opponent of the defendant in criminal cases. . . . [and] there is nothing in the history of the Rules generally or in Rule 801(d)(2)(B) particularly to suggest that it does not apply to the prosecution in criminal cases."); *see also United States v. Kattar*, 840 F.2d 118, 130 (1st Cir. 1988) ("Whether or not the entire federal government in all its capacities should be deemed a party-opponent in criminal cases, the Justice Department certainly should be considered such.").

There is also no doubt that the Statements reflect the government's belief that using subcapitation payments to comply with the 80/20 Statute was permissible. These were not off-the-cuff comments expressed in an informal setting; they were formally made in filings presented by the government to this Court. *See Kattar*, 840 F.2d at 131 (holding that DOJ's

statements in memoranda filed in other cases were admissible against the government in a criminal case because "[t]he Justice Department [had], as clearly as possible, manifested its belief in the substance of the contested documents; it has submitted them to other federal courts to show the truth of the matter contained therein."). Accordingly, the Statements should be admitted and the government prohibited at trial from making any argument contradicting the Statements.[2]

WHEREFORE, in light of the foregoing, Thaddeus Bereday requests that the Court order the Statements admitted into evidence at trial, and prohibit the government from making any argument contradicting the Statements.

---

[2] The Statements at issue here are distinguishable from those in *United States v. DeLoach*, 34 F.3d 1001 (11th Cir. 1994) and *United States v. Kendrick*, 682 F.3d 974 (11th Cir. 2012). In those cases, the prosecutor's comments constituted advocacy as to the credibility of witnesses and invitations to the jury to draw certain inferences from the evidence presented during a prior trial. *DeLoach*, 34 F.3d at 1005-06; *Kendrick*, 682 F.3d at 988.

By contrast, the Statements here constitute the government's official position about what it believes was permissible under the 80/20 statute that is at the core of its prosecution against Bereday. The Statements have nothing to do with witness credibility arguments or inferences that the jury may make based on the evidence presented at trial.

| | |
|---|---|
| October 3, 2014 | Respectfully Submitted, |
| | /s/ Marcos E. Hasbun |
| | Morris (Sandy) Weinberg, Jr. |
| | FBN: 0486401 |
| | sweinberg@zuckerman.com |
| | Jack E. Fernandez |
| | FBN: 843751 |
| | jfernandez@zuckerman.com |
| | D. Lee Fugate |
| | FBN: 170928 |
| | lfugate@zuckerman.com |
| | Marcos E. Hasbun |
| | FBN: 0145270 |
| | mhasbun@zuckerman.com |
| | Zuckerman Spaeder LLP |
| | 101 E. Kennedy Blvd., Suite 1200 |
| | Tampa, Florida 33602 |
| | 813-221-1010 |
| | 813-223-7961 (Fax) |
| | Attorneys for Thaddeus Bereday |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 3th day of October, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system, which will serve a notice of electronic filing to the following:

Jay Trezevant, Esq., Cherie Krigsman, Esq., and Josephine Thomas, Esq.
Attorneys for the Government

/s/ Marcos E. Hasbun

4631790.1